JOSEPH V. ECCLES *vs* ABRAHAM P. SHANNON.

Words spoken In ths course of a judicial proceeding, without malice, are not action-able, though false and injurious.
So judicial investigations into supposed criminal offences are privileged, though they .involve charges·which would otherwise be slanderous.
A charge of *perjury* is actionable per se.

This was an action on the case for words, imputing to the plaintiff the crime of *perjury*. The plea was, not guilty.

The declaration set out the slander in several forms, to wit:—1st count: " That Joseph V. Eccles was a perjured man." 2. That " he had perjured himself." 3. That " he had perjured himself, and that I, the defendant, had persons there ready to prove the fact." 4. " I, the defendant, am going to prove that Joseph V. Eccles had perjured himself." 5. " I am going in to New Castle to prove Joseph V. Eccles ·a perjured man." The damages were laid at $2,000.

*Wm. Gray*, for plaintiff, offered in evidence the record of an indictment, The State *vs.* Abraham P. Shannon, for taking an illegal vote in which Eccles was sworn as a witness, and in reference to which the slander was spoken.

*Mr. Rogers* objected; that there was no averment of the matter in relation to which the charge was made, and that the evidence offered was therefore inadmissible. (*Stark. Sland.* 293-4.)

*Gray.*—The words laid are words actionable in themselves—a charge of perjury. It is not necessary to aver that the words used were in reference to any judicial proceeding. Where the words are doubtful in themselves, and only actionable as referred to other matters, those matters must be averred and proved; but where the words are actionable per se, no other matter need be averred.

*Clayton.*—To charge a man with perjury is actionable; so to charge him with being a thief; but to charge him with being *forsworn* is not actionable, without averring that the matter in relation to which he is charged with being forsworn, was a false swearing in a judicial proceeding. No such averment was necessary in this case, and none is made. But the record is relevant for the purpose of resisting any defence or idea which might be set up on the other side, in explanation of the charge of perjury, that it was made in reference to a matter not of legal or judicial swearing.

*Rogers*, in reply.—It is of the very essence of perjury that it must have been in reference to a judicial proceeding; and all that is ne-

cessary to make a case of perjury must be averred. The distinction between perjured and forsworn, is an ingenious sophistry. If the force of the term "perjured" is sufficient to make out a case of actionable slander, and it therefore need not be averred, it would have equal force on the proof, and no judicial proceeding need be proved.

*The Court.*—The record of an indictment against Shannon in the trial of which Eccles was examined as a witness is offered in evidence and objected to, on the ground that there is no averment of a colloquium in reference to a judicial proceeding. The charge of perjury is a charge of matter actionable in itself, and needs no reference to other matters to make it actionable. If it were a charge doubtful in its character, and actionable only by reference to other matters, those matters must be averred in order to be proved. But the charge of perjury implies in itself the charge of swearing falsely in a judicial proceeding; and the case may be sustained without averring any such proceeding. Even if averred, it need not be proved. It may be proved, however, not as entering into the substance of the charge, but as a part of the accompanying circumstances under which the slander was uttered, and as going to aggravate or extenuate it. If these matters were excluded as supererogatory because the slander is proved without them, the same objection might be made to any other evidence after proof of the uttering the words, and all the circumstances of manner or meaning connected with the charge.

The record was admitted, and showed that the defendant had been indicted for a misdemeanor, and that on his trial the plaintiff was examined as a witness for the prosecution.

In the argument to the jury the defendant's counsel contended, 1st. That the case was not proved. · 2d. That the use of the words was excused by the circumstances in which they were uttered; being spoken of a witness in a pending trial, whose testimony was about to be discredited. Good policy requires freedom of speech in reference to pending trials, otherwise the truth will be suppressed for fear of the consequences. Any thing stated on such occasion, without malice, is a privileged communication. Any declaration made pending a judicial proceeding, the object of which is to defend the party in such proceeding, is to be excused from necessity and policy. (*Stark. Sland.* 172, 191-2.) No action will lie for any thing said in the course of judicial proceeding. (3 *Steph. N. P.* 2551, 65, 72 ; 39 *Eng. Com. Law Rep.* 115.). Bona fide charges of actionable words are justifiable, if made in the course of an inquiry into a crime.

The plaintiff's counsel on the contrary argued, that four of the five counts were proved. 2d. As to privileged communications. A man on trial, or who has a cause in court, has a right to make all necessary investigations for evidence and defence, but he must do this without malice; and only in such manner as is necessary for his purpose.

The charge here was made publicly; to all persons; repeated; not to the witnesses who were to prove it; to Doughton, who was no witness; to Whiteman, to Wolfe, and to Foster, a juryman; after the cause was concluded. Whether this sustains any count in the declaration or not, it is evidence of malice. (2 *Stark. Evid.* 868-9, *n.; Stark. Sland.* 309.) 3d. The charge of a perjury is actionable in itself, without reference to any circumstances, extraneous. (*Stark. Sland.* 47, *n.* 1.)

BOOTH, *Chief Justice,* charged the jury.

After stating the action, and the pleadings, the Chief Justice said: The plaintiff must prove the allegations in some one of the counts. To sustain the action the words must contain an express imputation of a punishable crime. The words laid impute the crime of perjury, and are actionable in themselves. Are they, or any of them proved? Considerable nicety of proof is requisite. The words must be proved in the manner as laid; not all of them, but only such as are material to show a charge of crime. It was once held that the precise words must be proved as laid; it is now settled that it is sufficient to prove the substance, but they must be proved in the same manner as charged; for example, interrogative words will not support declarative, &c. &c. Words in the present tense do not prove a slander uttered in the past tense, &c. &c.

The defendant's counsel contends that no count is proved but the fifth, which he admits was proved by Doughton. From our notes of the testimony, it would appear that with regard to the first and second counts, there is a variance between the proof and averments. Mahlon Foster proves that Shannon said " Gentlemen, it is my opinion that Jos. V. Eccles is a perjured man;" which we think does not prove the first count, which states a direct and positive charge of perjury. We think then that neither the first count nor any other count is sustained by Foster's testimony. But at the same time we say, that if the slander as laid in any of the counts is proved by other witnesses, then the declaration to Foster, with the time, place and circumstances, under which it was made, are proper for consideration as evidence of malice on the question of the amount of

damages. Whiteman's testimony proves the fourth count. But it is alledged by the defendant's counsel, that the proof does not sustain the charge, because Whiteman does not state the connection between the slander as uttered, and the case then pending against Shannon. We are bound to tell you that in our opinion such connection is, in this case, not necessary to be proved, because the charge is in itself a charge of a felony. Doughton proves the fifth count, word for word. We speak of the proof in all these cases merely as matters deposed to. The jury are to judge of the credit of this and all the witnesses, and say if they are to be believed, not merely on their general veracity, but in reference to their opportunity and means of knowing what they depose to; and to the probable effect on their testimony of passion, prejudice, or bias from any cause, if any such exists. It is the duty of a jury to weigh the testimony. A conflict of testimony does not necessarily establish falsehood on the part of any of the witnesses. It is to be reconciled if possible; if not, the most credible is to be taken, and the other rejected.

2. But the defendant, supposing that the words were spoken, takes the ground that they were spoken on a justifiable occasion; and that it is a privileged communication: that it was made in the course of a judicial proceeding, in his own defence; and though irregular, still protected by the necessity of the case. The principle is correct; the question is, whether it applies?

Words spoken in the course of a judicial proceeding, bona fide, and without malice, although false, and in themselves actionable, and although an injury in consequence of them has resulted to the plaintiff, are privileged. Where a man erroneously charges another before a magistrate, with a criminal offence, if done honestly and without malice, he is protected. If a party prosecute an injury into a suspected crime, it is privileged. But in all these cases, the acts and declarations protected, must be such as are done or said in the course of such defence or proceeding, and necessary to it. If he step beyond this, he is not justified or excused. If necessary, he may endeavor to discredit the witnesses, or to prove them guilty of perjury, and, he may inquire of others with a view to collect testimony for this purpose; but he is not authorized to charge them with perjury wantonly or needlessly, or to proclaim it in the public streets. The amount of damages is a question entirely for the jury.

The true measure of damages in an action of slander is the injury sustained by the party. But malice may aggravate and enhance them. Malice is of two kinds, legal and express, or implied malice,

and express malice. Implied malice is where the charge is made intentionally, without lawful or just excuse. The law presumes malice in every case of a charge of a punishable crime, and the plaintiff is entitled to recover; and, if express malice be proved, that is, that the defendant slandered the plaintiff with the intention of injuring him, the jury may give exemplary damages.

Verdict for plaintiff—damages $650.

*Gray* and *Clayton*, for plaintiff.
*W. H. Rogers,* for defendant.